_____

**SO ORDERED,**



*Judge Selene D. Maddox*

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTIRCT OF MISSISSIPPI

| | |
|---|---|
| **RE: JAMES D. AND ELIZABETH A. FORD** | **CASE NO. 22-12848** |
| **DEBTORS** | **CHAPTER 13** |

| | |
|---|---|
| **JAMES D. AND ELIZABETH A. FORD** | **PLAINTIFF** |
| **V.** | **ADVERSARY NO. 22-01017-SDM** |
| **RIDES TO GO, INC.** | **DEFENDENT** |

### ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

This matter comes before the Court on the Motion for Preliminary Injunction (A.P. Dkt. #5) (the "Motion") filed on November 9, 2022, by the plaintiffs-debtors, James D. and Elizabeth A. Ford (the "Plaintiffs") in the above-styled adversary proceeding against Rides to Go, Inc. (the "Defendant"). As stated in the Motion, Plaintiffs request a preliminary injunction requiring the Defendant to turn over the Plaintiffs' vehicle, a 2008 Toyota Tundra (the "Vehicle"), which was repossessed prior to the filing of the bankruptcy petition. A hearing on the Motion was held on November 15, 2022 (the "Hearing"), at which time the Plaintiff, James D. Ford and a representative of the Defendant, Jerry Etheridge, appeared and gave testimony.

The Vehicle was repossessed by Defendant on October 25, 2022. Plaintiffs filed a chapter 13 bankruptcy petition on November 2, 2022 (Dkt. #1). The Defendant became aware of the bankruptcy on November 2, 2022, the same day as the petition was filed. Upon

1

request and notice of the filing of the bankruptcy, Defendant was required pursuant to 11. U.S.C. §542 to turn over this property and under 11. U.S.C. §1306 the Plaintiffs are entitled to possession of the Vehicle, as the Vehicle is property of the estate under 11. U.S.C. §541. A Preliminary Injunction is appropriate for the following reasons:

    1. The Plaintiff is continuing to incur monetary loss as a result of either missing work or having to make alternative arrangements and incur additional expenses in order to continue employment. Plaintiff is suffering, and will continue to suffer, irreparable harm by being without this means of transportation, since transportation is necessary for Plaintiffs' household and for the success of the Chapter 13 Plan.

    2. The Court is of the opinion that there is a substantial likelihood that the Plaintiffs will prevail on the merits of their case.

    3. The damages owed by Rides to Go, Inc. potentially would be greater because of the loss of use of Plaintiffs' vehicle for a much more extended period of time should they not turn over the Vehicle immediately, and ultimately not prevail on the merits.

    4. The potential harm to the Defendant is minimal. No adequate protection payments were requested; therefore, Defendant shall not be entitled to adequate protection other than what is provided for under the chapter 13 plan.

Accordingly, it is hereby

    ORDERED, ADJUDGED and DECREED that the Motion (A.P. Dkt. #5) is GRANTED. Rides to Go, Inc. is ordered to release the Vehicle to the Plaintiffs and Plaintiffs shall be allowed to retrieve the vehicle from the Rides to Go, Inc. during normal business hours. Plaintiffs shall be entitled to continued use and possession of said Vehicle pending a final hearing on the Complaint filed in the above styled and numbered proceeding.

##END OF ORDER##

Submitted by:

Kimberly Brown Bowling (MSB #99906)
Attorney for Plaintiffs/Debtors
MITCHELL & CUNNINGHAM
P.O. Box 7177
Tupelo, MS  38802-7177
(662) 407-0408
kimbowling@mitchellcunningham.com